FILED
 2012 Jul-11  PM 01:40
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MALESHA ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| vs. ) | 2:12-cv-1883-AKK |
| ) | |
| CHASE HOME FINANCE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC's ("Chase") motion to dismiss *pro se* Plaintiff Malesha Roberts' ("Roberts") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Doc. 6. For the reasons stated more fully below, Chase's motion is due to be **GRANTED**, and the court hereby **DISMISSES** Roberts' Complaint **with prejudice**.

### I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient.  *Id*. (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*.

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true.  *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth.  *Iqbal*, 556 U.S. at 678.  Ultimately, this inquiry is a "context-specific task that requires the reviewing court

to draw on its judicial experience and common sense." *Id.*

Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case. Plaintiffs, as the parties invoking jurisdiction, bear the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Because Roberts proceeds in this case *pro se* – that is, without an attorney – the court must construe her pleadings liberally. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). "[T]his leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Indeed, "[o]nce a *pro se* litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure." *Smith v. Fla. Dep't of Corr.*, 369 F. App'x 36, 38 (11th Cir. 2010) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Therefore, while the court construes Roberts' pleadings liberally and affords them significant leniency in light of her *pro se* status, the court may not wholly disregard the federal pleading standards and standard of review. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *see also Smith*, 369 F. App'x at 38.

## II.   ANALYSIS

In her Complaint, Roberts contends that:

Chase Home Mortgage Company said they would modify or extend a

> modification of my home loan if I made 3 monthly payments of [$]1,098.00. I made 15 monthly payments a total of $15,928, still I have not received a modification of my home loan. This was included in a letter from Chase. I was told in 10/7/11 to apply again to Chase for a home modification. I did apply and have since been told that my modification is in process, but I have received 6 foreclosure sales notices on my property from Sirote & Permute, while Chase is supposedly modifying my loan.

Doc. 1, at 2-3. Accordingly, Roberts alleges violations of (1) the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 through 1666; (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2)(A)-(B); and (3) the Federal Home Modification Act. *Id.* at 3. The court addresses each purported violation in turn.

A.   TILA

The court assumes without deciding that TILA applies to contracts for loan modification, *see* 15 U.S.C. § 1639; 12 C.F.R. § 226.20; however, Roberts' Complaint fails to provide the specific required disclosures omitted by Chase, and therefore, fails to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6). Moreover, the court agrees with Chase that TILA's purpose "has no relevance to the actions Plaintiff asserts." Doc. 7, at 7. Congress provided in TILA's declaration of purpose that "[i]t is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). *See also Bragg v. Bill*

*Heard Chevrolet, Inc.*, 374 F.3d 1060, 1065 (11th Cir. 2004).  Put simply, assuming the veracity of the assertion that Chase refuses to modify Roberts' mortgage, the court fails to find any reasonable inference that such conduct violates TILA's disclosure requirements.

B.   FDCPA

Roberts also fails to state a claim under the FDCPA.  As this court previously provided, *see Roberts v. Chase Home Finance, LLC*, No. 2:10-cv-2432-AKK, at *7-10 (N.D. Ala. Nov. 22, 2010),[1] Chase is not a "debt collector," *see* 15 U.S.C. § 1692a(6), and the potential foreclosure of Roberts' home is not a "debt collection" for purposes of the FDCPA, *see Warran v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460-61 (11th Cir. 2009).  Thus, Roberts' FDCPA claim fails as a matter of law.

C.   *Federal Home Modification Act*

Finally, the court agrees with Chase that no federal law entitled the "Federal Home Modification Act" exists.  Rather, the court assumes that Roberts attempts to enforce certain obligations under the federal Home Affordable Modification Program ("HAMP").  This program, created by the Department of the Treasury under the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. §§

---

[1] On November 22, 2010, this court dismissed a previous action by Malesha Roberts against Chase Home Finance, LLC for failure to state a claim and lack of subject matter jurisdiction.  *See Roberts v. Chase Home Finance, LLC*, No. 2:10-cv-2432-AKK (N.D. Ala. Nov. 22, 2010).  In that case, Roberts disputed and sought a verification of the amount owed to Chase.  *See id.*

5201 through 5261, "is designed to prevent avoidable home foreclosures by incentivizing loan services to reduce the required monthly mortgage payments for certain struggling homeowners.  Servicers are obliged to abide by guidelines promulgated by the Secretary when determining a mortgagor's eligibility for a permanent loan modification." *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012).  However, "[n]either HAMP nor ESSA expressly creates a private right of action for borrowers against loan servicers." *Id.* Furthermore, the Eleventh Circuit instructed in *Miller* that "no implied right of action exists" under either HAMP or EESA.  *Id.  See also Sims v. Chase Home Finance, LLC*, No. 11-14464, 2012 WL 2105466 (11th Cir. June 12, 2012). Accordingly, the court lacks subject matter jurisdiction to hear Roberts' purported HAMP claim.[2]

**DONE** this 11th day of July, 2012.

 

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] The court notes that, to the extent Chase purportedly breached a promise to modify the mortgage, Roberts *may* have a valid state law action against Chase.